IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BENJAMINE TYRONE ZELLARS,<br><br>　　　　　Plaintiff<br><br>　　　VS.<br><br>CLARKE COUNTY SHERIFF'S DEPT.,<br>Sheriff IRA EDWARDS, JR.,<br>CLARKE COUNTY COMMISSIONERS<br>MAYOR HEIDI DAVISON,<br>GEORGIA DEPT. OF CORRECTIONS,<br>SHERYL SMITH; OFFICE OF THE<br>DISTRICT ATTORNEY,<br><br>　　　　　Defendants | NO. 3:08-CV-91 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

Plaintiff **BENJAMINE TYRONE ZELLARS**, an inmate at the Clarke County Jail in Athens, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). By separate Order entered simultaneously, plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was sentenced to serve 18 months in the Clarke County Jail in Athens, Georgia. He alleges that he was then incorrectly, and in violation of the judge's imposed sentence, transferred to the Georgia Diagnostic and Classifications Prison in Jackson, Georgia. Plaintiff alleges that he protested the transfer but officers would not listen to him. Plaintiff maintains that unnamed officials at the Georgia Diagnostic and Classifications Prison told him that they had no paperwork for him and that he should never have been transferred to that facility. Prior to his return to the Clarke County Jail, plaintiff states he was raped by another inmate at the Georgia Diagnostic and Classifications Center. Plaintiff alleges that the rape would not have occurred had the Clarke County Sheriff's Department not incorrectly transferred him.

Plaintiff has named the Clarke County Sheriff's Department and the Office of the District Attorney as defendants. Neither of these are legal entities that are subject to suit. *Dean v. Barber*, See *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Plaintiff also named the Georgia Department of Corrections as a defendant. Because the Georgia Department of Corrections is an agency of the state, it is not a "person" that may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff named Mayor Heidi Davison but he has not made any allegations against her. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). Mayor Heidi Davison is subject to dismissal on this ground alone. Moreover, the Undersigned fails to see, and plaintiff certainly has not attempted to explain, how the mayor of the city would have any knowledge of, or responsibility for, plaintiff's transfer from the county jail to the Georgia Diagnostic and Classifications Prison.

Plaintiff alleges that he told his public defender, Sheryl Smith, about the transfer. In any § 1983 action, the plaintiff must allege that the action or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, ***overruled in part on other grounds***, 474 U.S. 327 (1986). It is well settled that allegations against criminal defense attorneys, court appointed or privately retained, do not state a claim under 42 U.S.C. § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. Therefore, Sheryl Smith must be dismissed. ***See Nelson v. Stratton***, 469 F.2d 1155 (5th Cir. 1972); ***O'Brien v. Colbath***, 465 F.2d 358 (5th Cir. 1972).[1] Additionally, plaintiff has not explained what role, if any, Ms. Smith had in his allegedly erroneous transfer.

Finally, plaintiff has named the "Clarke County Commissioners" as defendants. Plaintiff's claims against the Commissioners are construed as claims against Clarke County. To establish municipal liability, plaintiff is required to show that Clarke County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989). Plaintiff has not made such a showing. Moreover, he has not alleged that any of the Clarke County Board of Commissioners had actual knowledge of his transfer.

For these reasons, the Undersigned **RECOMMENDS** that the Clarke County Sheriff's Department, Clarke County Commissioners, Mayor Heidi Davison, Georgia Department of Corrections, Sheryl Smith, and the Office of the District Attorney be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

---

[1] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

3

At this time, the Court will allow the action to go forward against only Sheriff Ira Edwards, Jr.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the defendant(s); that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.



### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### <u>DIRECTIONS TO CUSTODIAN OF PLAINTIFF</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 22nd day of October, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

7

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.