IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BENJAMINE TYRONE ZELLARS,

                Plaintiff

VS.

IRA EDWARDS, SHERIFF, *et al.*,

                Defendants

NO. 3:08-CV-91 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is a motion seeking summary judgment filed by defendant Ira Edwards. Tab #16. The motion is supported by a brief (Tab #17), a statement of material facts, affidavits, and several exhibits. Upon receipt of this motion, the undersigned directed plaintiff Benjamine Tyrone Zellars to file a response. Tab #18. Plaintiff Zellars complied by timely filing a response (Tab #19) to which defendant Edwards replied (Tab #20). The defendant's motion seeking summary judgment is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about November 20, 2007, plaintiff Zellars was arrested on charges of armed robbery and aggravated assault. Thereafter, he was booked into and confined in the Athens-Clarke County jail. On January 7, 2008, plaintiff, already on probation, was brought to court for a probation revocation hearing. At the conclusion of the hearing, the balance of his probation was revoked, and he was sentenced to confinement for a period of one year, six months, and seven days. Following the hearing, plaintiff was returned to the county jail.

On February 12, 2008, plaintiff Zellars was transferred from the Athens-Clarke County jail to the Georgia Diagnostic and Classification Prison (GDCC) in Jackson, Georgia. On or about March 20, 2008, he was returned to Athens-Clark County to answer bad check charges in the county magistrate court. He was returned to GDCC on June 5, 2008. On October 1, 2008, he executed the instant action. Tab #1.

In his Complaint, plaintiff Zellars contends that he was never supposed to be transferred to GDCC. Moreover, he alleges that as a direct result of the defendant's actions in allowing the transfer, he was violently raped and threatened by an another GDCC inmate. He goes on to claim that, as a consequence of these traumatic events, he now suffers from flashbacks, nightmares, paranoia, and a fear of being in public. Finally, he claims that his repeated attempts to notify the defendant and GDCC personnel about the allegedly improper transfer were ignored.[1] By way of relief, plaintiff Zellars seeks four-million-dollars ($4,000,000) in monetary damages, any DNA or other personal data taken by the Georgia Department of Corrections, and implementation of safeguards designed to prevent similar events from happening in the future. In response to this action, the defendant filed an Answer (Tab #13) and the instant motion seeking summary judgment.

## LEGAL STANDARDS

### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

---

[1] Notably, the plaintiff states that he did not report the alleged rape.

-2-

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); Brown v. City of Clewiston, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## DISCUSSION

In his motion seeking summary judgment, defendant Edwards avers, *inter alia*, that there are, quite simply, no Constitutional rights implicated by the plaintiff's allegations of an illegal transfer. He then goes on to argue that even if there were, it was the intervening criminal acts of another inmate which caused the plaintiff's alleged injuries— not any action on his part. For these reasons, the defendant contends that he is entitled to judgment as a matter of law. The undersigned agrees.

In this action, and as outlined above, plaintiff Zellars asserts that he was illegally transferred from the Athens-Clarke County Jail to GDCC and that, as a result of being transferred, he was raped by another inmate. To support this assertion of illegal transfer, plaintiff relies upon statements purportedly made by a counselor at GDCC who explained that, upon his arrival at GDCC, they had no paperwork on him. To establish the defendant's knowledge of this allegedly illegal transfer, plaintiff Zellars relies upon a copy of his Georgia Department of Corrections ID containing his picture but an incorrect name, social security number, and date of birth. While it is entirely unclear how this document demonstrates that the defendant was aware of the allegedly illegal nature of the transfer, even if it did, it would still not be sufficient to establish the defendant's liability for the plaintiff's damages. Stated differently, even if defendant knowingly and/or intentionally caused the plaintiff to be improperly transferred from the county jail to GDCC, such an act simply does not give rise to a constitutional claim, particularly since the plaintiff, an inmate whose sentence exceeded twelve (12) months, was already classified as a state prisoner by operation of Georgia law. *See Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532 (1976).

Moreover, the undersigned also agrees with the defendant's argument regarding causation; that is, even if the plaintiff could somehow prove that the defendant violated his constitutional rights with regard to the transfer, and that but for the transfer the subsequent attack could not or would not have occurred, he has failed to show or even allege that the defendant was actually aware of and/or deliberately indifferent to the substantial risk of such an attack as would be required to establish such a claim. See *Carter v. Galloway*, 352 F.3d 1346 (11th Cir. 2003).

Consequently, and after a careful review of the plaintiff's allegations, the defendant's motion seeking summary judgement, the plaintiff's response, the defendant's reply, the evidence of record, and the relevant law, it is apparent that the plaintiff's claim must fail. Accordingly, **IT IS RECOMMENDED** that the defendant Edwards' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 2nd day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE